UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SARWOR HOSSIN on behalf of himself and
all other similarly situated consumers

                Plaintiff,

-against-

ASSET RECOVERY SOLUTIONS LLC

                Defendant.

---

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ JAN 15 2013 ★

LONG ISLAND OFFICE

SUMMONS ISSUED

CV-13 0236

IRIZARRY, J.

POHORELSKY, M.

**CLASS ACTION COMPLAINT**

*Introduction*

1. Plaintiff Sarwor Hossin seeks redress for the illegal practices of Asset Recovery Solutions LLC in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Des Plaines, Illinois.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Sarwor Hossin*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about August 14, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Said letter states in pertinent part as follows: "Your past due account(s) have been referred to our agency for collection. If you wish to resolve your obligation, call us toll free at 877-253-3543. All payments must come to our office to ensure proper credit to your account. Ignoring this matter will not make it go away. Take advantage of this opportunity to resolve this outstanding financial obligation."

13. Said statement of "Ignoring this matter will not make it go away" is a threat to take unintended legal action.

14. Upon information and belief, at the time of the sending of the said letter, the Defendant

had neither the intention nor the authority to bring suit against the Plaintiff nor take any other action to cause the debt to not go away.

15. Said language could be interpreted in various manners, one of which may be incorrect.

16. The Defendant's said statement was therefore a threat to take an action not intended nor authorized to be taken by the Defendant, in violation of the FDCPA, §1692e(5).

17. The Defendant's said statement also constitutes a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, §§1692e and 1692e(10).

18. Defendant violated §1692e(5) of the FDCPA by threatening to take action against Plaintiff even though Defendant has not and does not intend to take such action.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

19. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through nineteen (18) as if set forth fully in this cause of action.

20. This cause of action is brought on behalf of Plaintiff and the members of a class.

21. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint concerning Bureaus Investment Group Portfolio NO 15 LLC; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered

(d) the Defendant threatened to take any action that cannot legally be taken or that is not intended to be taken by Defendant in violation of 15 U.S.C. § 1692e(5), and for deceptive and misleading representation, in violation of the FDCPA, §§1692e and 1692e(10).

22. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a)  Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b)  There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (c)  The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

   (d)  The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

   (e)  The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

23. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

24. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

25. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

26. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

27. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b)  Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
January 10, 2013

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)



PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED



877-253-3543

August 14, 2012

3607611-1    851876291

Sarwor Hossin
136 Vermont St Apt 1r
Brooklyn NY 11207-2548

Please send payments and correspondence to:
Asset Recovery Solutions, LLC
2200 E. Devon Ave  Ste 200
Des Plaines IL 60018-4501

Original Creditor: BEST BUY CO. INC.
Current Creditor: BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC
Account #: ███████████
ID Number #: ███████████
Total Current Balance: $2781.80

***Please Detach Upper Portion and Return with Payment***

Original Creditor:   BEST BUY CO. INC.
Current Creditor:   BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC
Account #:   7021270394531056
ID Number #:   3607611
Total Current Balance:  $2781.80

Your past due account(s) have been referred to our agency for collection. If you wish to resolve your obligation, call us toll free at 877-253-3543. All payments must come to our office to ensure proper credit to your account.

Ignoring this matter will not make it go away. Take advantage of this opportunity to resolve this outstanding financial obligation.

Unless you notify us within 30 days after receiving this letter that you dispute the validity of the debt or any portion thereof, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request in writing within 30 days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

**Notice to New York Residents:**
Licensed by the New York City Department of Consumer Affairs, license # 1309086

Sincerely,

Asset Recovery Solutions, LLC
877-253-3543, Ext. 295

1ON\REC011

Asset Recovery Solutions, LLC  •  2200 E Devon Ave., Suite 200  •  Des Plaines IL 60018  •  877-253-3543